ORIGINAL

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 12-897V

Filed: February 27, 2013

FILED

FEB 27 2013

OSM
U.S. COURT OF
FEDERAL CLAIMS

```
*******************************************
LOUISE BATTEN,                             *    UNPUBLISHED
                                           *
                                           *    Dismissal Decision; Received
                                           *    Substances Are Not Listed on the
                                           *    Vaccine Injury Table; Failure
               Petitioner,                 *    to State A Claim Upon Which
                                           *    Relief Can Be Granted
v.                                         *
                                           *
SECRETARY OF HEALTH AND                    *
HUMAN SERVICES,                            *
                                           *
               Respondent.                 *
*******************************************
```

Louise Batten, pro se petitioner

Justine Daigneault, Washington, DC, for respondent.

## DISMISSAL DECISION[1]

On December 20, 2012, Louise Batten (petitioner) filed a petition for compensation under the National Vaccine Injury Compensation Act ("Vaccine Act").[2]

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, "the entire" decision will be available to the public. Id.

[2] The National Vaccine Injury Compensation Act is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) ("Vaccine Act" or "Act"). All citations in this decision to individual sections of the Act are to 42 U.S.C.A. § 300aa.

After a preliminary review of petitioner's claim, the undersigned issued an order on January 4, 2013, informing petitioner that her claim involved the alleged receipt of substances not listed on the Vaccine Injury Table. See 42 C.F.R § 100.3; see also Order, Jan. 4, 2013. The undersigned noted in the order that petitioner's allegation of a vaccine-related injury stemmed from receipt of a combination of the drugs Ondansetron and Ceftriaxone, rather than covered vaccines, and thus the claim is not one that could be compensation under the program." Id.

On February 20, 2013, the undersigned held a telephonic status conference again informing petitioner that the substances she received are not listed on the Vaccine Injury Table. Accordingly, the undersigned has no subject matter jurisdiction to hear the claim and must dismiss it.

The Vaccine Act states that, in order to be eligible to file a petition, the vaccinee must have "received a vaccine set forth in the Vaccine Injury Table." Section 11(c)(1)(A).

Because neither Ondansetron and Ceftriaxone are listed on the Vaccine Injury Table, subject matter jurisdiction does not attach. Therefore, the undersigned must dismiss this petition.

The clerk of the court is directed to dismiss petitioner's claim for lack of jurisdiction.[3]

**IT IS SO ORDERED.**

Patricia E. Campbell-Smith
Chief Special Master

---

[3]     Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party's filing a notice renouncing the right to seek review.